

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. M. Law, President
Board of Directors
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Sir:                    Attention: Neth L. Leachman

Opinion Number O-4327
Re: May the Board of Directors of
A & M College provide for $1,250.00
as attorney's fees for services
rendered in the issuance of the
bonds in question?

We acknowledge receipt of your opinion request of
March 9, and quote from your letter as follows:

"You will recall that the Attorney General
has approved an issue of bonds in the amount of
$300,000.00 to be used in constructing a build-
ing which will house the activities of the Agri-
cultural Adjustment Administration and other
Defense activities of the United States Govern-
ment. This issue of bonds was approved by the
Attorney General November 10, 1941, under the
Attorney General No. 2400, Book No. 10. These
bonds are being delivered to the Reconstruction
Finance Corporation as the work progresses, and
as funds are needed.

"There has been rendered to the Board of Di-
rectors a statement for legal services in the
preparation of proceedings, and for the approval
of the entire issue of bonds in the amount of
$1250.00.

"Assuming that the Board of Directors will
conclude that the statement for legal services
is reasonable it would like to be advised, if

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

possible, by the time of its next meeting on
March 14, whether the Board is prohibited from
making payment of the bill because of the pro-
visions of Section 10 of H. B. 338, Acts of the
Regular Session of the 47th Legislature, under
which Act the bonds have been issued.

\* \* \* \* \* \* \*

"Heretofore, under the provisions of the same
Act the Board of Directors authorized another
issue of bonds in the amount of $1,220,000.00 for
the purpose of providing funds to build four
dormitories, to construct additional equipment
for the central power and steam plant of the
College, and to refund $180,000.00 of bonds
previously issued in 1940 for a Helps' Dormi-
tory and Laundry. That issue of bonds was ap-
proved by the Attorney General on the 15th day
of July, 1941, under Attorney General's Opinion
No. 2266, Book No. 8. That issue of bonds was
sold and delivered to a syndicate of investment
bankers. At the time that issue was delivered
the Board of Directors received a statement for
legal services, including preparation of proceed-
ings and approval of the issue in the amount of
$2500.00. The Board found that the bill was
reasonable and paid it.

"The question confronting the Board at this
time is whether by paying for the services in
connection with the $1,220,000.00 issue in the
amount of $2500.00, it has exhausted its author-
ity under the Act to pay for legal services as
to bonds thereafter issued under the Act, and
particularly for services which have been render-
ed in reference to the $300,000.00 bond issue.
\* \* \*"

House Bill 338, Forty-seventh Legislature, Regular
Session, provides, in part, as follows:

"Section 1. The Board of Directors of the
Agricultural and Mechanical College of Texas
is authorized to construct or acquire, and

equip without cost to the State of Texas except
as provided herein, four (4), or any number less
than four (4), dormitories, an office building
(for purposes and subject to limitations con-
tained in Section 5 hereof), and construct or
acquire additional equipment for its present
central power and steam plant (subject to limi-
tations contained in Section 4 hereof), when the
total cost, type of construction, capacity, and
plans and specifications therefor have been ap-
proved by such Board of Directors. * * *

"Section 3. For the purpose of constructing
or acquiring, extending or improving and equip-
ping any one or more of said buildings, said
Board of Directors is authorized to issue, sell,
and deliver its negotiable revenue bonds, from
time to time and in such amounts or amount as it
may consider necessary. * * *

"Section 5. The Board is authorized to con-
struct, equip and lease an office building to
be used by the institution directly or, with
consent of said Board, by any agency of the
United States Government to house activities of
the Department of Agriculture of the United
States or activities of the United States Gov-
ernment in connection with the National Defense
Program, provided that the total cost of con-
structing or acquiring and equipping said build-
ing shall not exceed Three Hundred Thousand Dollars
($300,000). * * *

"Section 10. No brokerage fee, or commission,
or attorney's fees in excess of Twenty-five Hundred
Dollars ($2,500), shall be paid out of the funds of
the A & M College of Texas, or out of the funds to
be derived from the bonds or other evidences of ob-
ligation authorized herein."

After careful reading of H. B. 338 (Forty-seventh
Legislature, Regular Session) we have concluded that said Act
clearly contemplates several issues of bonds for one or more

purposes and that said bonds may be issued from time to time over any number of years.

Therefore, it is the opinion of this department that the limitation appearing in Section 10 of said Act applies to each issue as it is authorized. We think that it must of necessity apply to each individual issue rather than to the aggregate amount of bonds which may be ultimately authorized. As stated above, there is no limitation in said Act on the total amount, number of different issues, or period of time within which such authority may be exercised. We know that certain legal fees are necessary in the preparation of proceedings for the issuance of bonds and it would be practically impossible to guage the fee that should be charged on the first issue when there is no may of determining how many issues may be needed in the future or at what time they may be issued. The full fee could be exhausted in the first issue and nothing would remain to pay the fees which would necessarily arise in connection with the issuance of subsequent bonds. Any other construction of said Act would probably have the effect of rendering the Act unworkable.

It is, therefore, the opinion of this department that the Board of Directors of the Agricultural and Mechanical College of Texas has the authority under H. B. 338 to pay the $1250.00 fee for legal services rendered in connection with the issuance of $300,000 4% AAA Office Building Bonds, provided of course that the Board of Directors conclude that said fee is reasonable.

Trusting that this answers your question, we are

Very Truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 19, 1942

/s/ Grover Sellers
        FIRST ASSISTANT
        ATTORNEY GENERAL

/s/        Claud O. Boothman
                        Assistant

COB-s

APPROVED OPINION COMMITTEE BY R.W.F., Chairman